Friday, March 25. The Judges delivered their opinions.
Judge Tucker.
The first error which is assigned by the appellant’s counsel to the decree in this cause, is, that the Court did not permit the appellant to prove an exhibit at the hearing by viva voce testimony.
The exhibit in question was an assumpsit, or promise in writing, purporting to be subscribed by James Qatar les and Charles Neale, and to be attested by Francis Graves ; by which Qttarles and Neale in June, 1782, obliged themselves (jointly) to pay an account against the estate of William Neale, deceased, commencing in 1761, and ending in 1768, on or before the 1st day of December then next ", and the counsel for the appellant offered at the hearing, a witness to prove the hand-writing of Francis Graves, the witness to the paper; but not the hand-writing of the parties. On referring to Harrison’s Ch. Pr. p. 596. I find *129 tbe rule there laid down to be, that to authorise the qxamination of a witness to prove an exhibit at the hearing, an order must be previously obtained for that purpose. No such order had been obtained, nor any notice given of the intention to offer such testimony; I therefore think the witness was properly rejected.
The second error assigned is, that the promise in writing made by Charles Neale, was made on good consideration, and was binding on him. If Charles Neale had been an executor of his father’s will, this would have been correct ; or if there had been any. devise or legacy to him in the will, on condition that he should pay the debts of the testator. William Neale’s will among the exhibits, directs his executors to sell such part of his estate, either real or personal, as they shall think fit, (with the exception of the land whereon he then lived,) for payment of his debts. That will was proved in 1768, near fourteen years before the date of this pretended assumpsit. There is no proof that Charles Nealeh&d either a larger portion of his father’s estate than the rest of his children, or even any portion whatsoever ; and no consideration whatever is mentioned in the assumpsit; this brings the case to the question decided in this Court between Hite, executor of Smith, and Fielding lewis’s executors, October term, 1804. That was an action founded upon a promise in writing in these words : “ I hereby oblige myself, my heirs, executors and 44 administrators, to indemnify Mrs. Smith, (who was ex-44 ecutrix of Charles Smithy for the said Charles Smith’s “ becoming security for my son F. S. from any demand 44 which E. I). ike* may haye against the executors of 44 Captain Smith on that account, provided the sum does “ not exceed two hundred pounds,” to which he subscribed his name in the presence of a witness. And a majority of this Court, consisting then of five Judges, decided it to be a nudum pactum. And though I was not one of that majority, I consider the question as settled by that decision, and as deciding this case ; there being no equitable cir *130 cumstances in the record, that I can discover, to make such apromise, as this is alleged to have been, bindingupon either of the parties who are said to have subscribed it.
But, even were this point in favour of the appellant, it appears that james Quarles, who subscribed the paper at the same time, survived Charles Neale-, so that, according to the decision of this Court in Johnson v. Richardson,(a) the death of the latter discharged his estate. And there are-no equitable grounds that I can discover to charge it further in equity, than it was chargeable at law.
As to Charles Neale's having subjected his estate to die payment of his debts, diat must be understood as to just debts, only ; and I consider this as not belonging to that class. I am therefore of opinion that the decree be affirmed.
Judge Roane.
It is unnecessary to decide whether the Court of Chancery erred in refusing to receive proof of the exhibit at the trial; inasmuch as, upon the merits, the appellant never can X’ecover, and therefore was not injured by that error, if it were one.
The note on which this suit was founded, created no debt on the part of the makers, as it was made without any adequate consideration. It is a mere nudum pactum. Neither of the makers received the benefit of the services for which it was given: neither of them are executors of William Neale from whom the debt was owing : nor is it shewn that there is any deficiency of his assets, which would render the property received by the makers liable to the payment thereof; in which case it might be argued that such liability would afford an adequate consideration.
The debt was barred by the time incurred between the making of the note and the date of C. Neale's will, (to say nothing of the lapse of time preceding,) and, although the-trust created by such will for the payment of debts would be considered as a waiver of the act of limitations, it is-presumed, it will not extend to. a mel'e nudum pactum. *131 The trust created by the will of C. Neale was for the payment of his debts ; under which description the claim in question is not comprehended. In the case of Trueman v. Fenton,(a) upon this subject, the point arising in the present case seems to be conceded. The cases in which a debt extinguished is revived by a new promise, appears to be where the debt was due in conscience, and this would seem to exclude the case of a nudum pactum ; for a man is not bound in conscience to pay any thing, unless he has received a benefit from, or produced a loss to, the other party. So also it is held, that an acknowledgment of a debt so as to take it out of the statute, does not give any new cause of action ; but only revives the old cause, and is of no other use but to prevent the bar by the statute.(b)
Considering- this also as a joint note, the action is gone at law against the representatives of Neale, in consequence of 4¡narles's surviving him ; and in equity it cannot be set up against them but on the ground of a moral obligation antecedently existing on the part of Neale to pay the money, (c) In this case no such obligation existed, nor is it shewn that either of the promisers were responsible for any thing prior to the making the note in question. On the merits, therefore, the law is clear for the appellees, and the decree must be affirmed.
Judge Fleming was in favour of affirming the decree ef the Chancellor.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of Chancery affirmed.

 2 Call, 527.

 Cowp. 548.

 4 Bac. Abr. Gwil. Ed. 483. 1 Salk. 29. Heylin v. Hastings.

 See Harrison, executor of Minge, v. Field’s executor. 2 Wash. 136. and the cases there cited;